## Minnie A. Phillips, Appellant, v. John F. Devine, Administrator, et al., Appellees.

### Gen. No. 15,006.

DISMISSAL—*when proper upon sustaining demurrer to declaration.* The dismissal of an action at law is proper upon the court sustaining a demurrer to the declaration because of its failure to state a cause of action in a case which has been called for trial upon the merits—the plaintiff not being ready with an amendment.

Action on the case. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 17, 1910.

MINNIE A. PHILLIPS, appellant, *pro se.*

GARDNER, STERN & ANDERSON, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Minnie A. Phillips, the plaintiff in the trial court and the appellant here, on June 11, 1907, commenced this suit by praecipe against James Reddick, then public administrator of Cook County, and William F. Anderson and Robert F. Gentzel for damages in an action on the case for "fraud and deceit." On September 14, 1907, plaintiff, by leave of court, filed her third amended declaration. On November 14, 1907, the death of Reddick was suggested, and on January 18, 1908, James Devine as administrator with the will annexed of James Reddick, deceased, was substituted as a defendant in the place of Reddick, de-

ceased, and all papers were amended to conform thereto. On April 29, 1908, all of the defendants filed a general demurrer to the said third amended declaration. On May 15, 1908, the demurrer of the defendants to said third amended declaration was sustained and plaintiff suffered a judgment of *nil capiat* and for costs, from which judgment plaintiff prosecutes this appeal.

The demurrer being general, the question to be decided is: Does the declaration as finally amended state a cause of action for fraud and deceit which would sustain a judgment had the parties gone to trial upon that pleading and plaintiff had prevailed.

We have carefully examined every part of the declaration demurred to, which rests in one count and contains 48 numbered paragraphs and as abstracted covers over twelve printed pages. No useful purpose can be subserved by setting out its varied allegations, and we therefore refrain from so doing or from here repeating any portion of it. We regard it as sufficient to say that, regardless of all defects in matters of form and technicalities of common law pleading, there cannot be gathered from these many paragraphs, or any averments thereof, either singly or together, or by any manner of combination, sufficient facts essential to charge the defendants or any one of them in an action for fraud and deceit. The cause at the time the demurrer was argued was reached for trial in the regular order upon the call of the trial calendar. Plaintiff not being ready with an amendment of any kind to her declaration, the court erred neither in sustaining the demurrer as it did after argument, nor in dismissing the suit when called for trial.

The judgment of the Superior Court being without error is affirmed.

*Affirmed.*